OPINION
This is an appeal from a judgment for money due and owing for automobile repairs.
Plaintiff, Sandra Hohman, commenced this action in the small claims division of Municipal court. She alleged that Defendant, Tim Board, had charged her more than an agreed price for repairs to her 1991 Chevrolet Corsica. Hohman asked for a money judgment for the difference between monies she had paid Board and the amount of his bill, $1,780.
Board answered, denying Hohman's allegations. Board also filed a counterclaim, alleging that he had provided Hohman a written estimate of his charges, which she accepted, and that the balance due and owing on his bill is $1,440.31. Board asked for a judgment in that amount.
The matter was heard by a magistrate on December 19, 2000. The parties were both present. The magistrate filed a decision containing the following findings:
 "Plaintiff brought her complaint alleging that she had overpaid Defendant for repairs made to her motor vehicle. Defendant's counterclaim alleges that Plaintiff had not paid in full the amount which Plaintiff agreed to pay for repairs to her motor vehicle.
 "The evidence presented showed that on or about June 17, 1999, Plaintiff contracted with Defendant to perform repairs to Plaintiff's 1991 Chevrolet Corsica automobile in exchange for $2,536.10. Plaintiff signed a written repair order on that date which itemized the work to be done and the price to be paid for the work. The work on the vehicle was completed on or about October 24, 2000, and Plaintiff had apparently made installment payments toward the work between the time of the original contract and when the work was completed.
 "As to payment, Defendant's records showed that Plaintiff had made eight separate payments totalling $1,095.79 and leaving a balance of $1440.31. Plaintiff testified that she had made payments in accordance with an assortment of receipts and money order receipts, which were offered and admitted into evidence as Plaintiff's composite Exhibit A. Said receipts totalled eight in number and added up to $1,095.79 leaving a balance of $1440.31 on the original account. There was no evidence presented which tended to show that Defendant had clearly charged an excessive amount or that the work was defective, as these were matters not raised as issues in this case.
 "The Magistrate concludes that is clear that Plaintiff did not overpay Defendant and that Defendant is entitled to the balance due on the contract. Accordingly, it is ordered that Plaintiff's case be dismissed at Plaintiff's costs. Defendant is awarded judgment in the amount of $1,440.31, plus the costs of this action."
The magistrate's decision was filed on February 12, 2001. On June 21, 2001, the trial court adopted the magistrate's decision. Hohman filed a notice of appeal from that order and judgment.
Hohman, who appears pro se, has not identified any specific error for review. She renews her argument that she has paid all the money she owes Board, and that she paid him $1,900 to repair her car.
We construe the error which Hohman assigns to be that the judgment rendered against her is against the manifest weight of the evidence that was before the trial court and its magistrate. A review of that claim requires this court to review the evidence presented, including the oral testimony offered in the proceeding before the magistrate.
When portions of a transcript necessary for resolution of assigned errors are omitted from the record, a reviewing court must presume the validity of the trial court's rulings, and affirm. Knapp v. EdwardsLaboratories (1980), 61 Ohio St.2d 197. That is the situation here,because Hohman has not provided a transcript of the report of theproceedings before the magistrate in which evidence was heard on which thetrial court based its judgment. Therefore, we can only find that thejudgment is not reversible on the error that Hohman alleges.
The assignment of error is overruled. The judgment of the trial court will be affirmed.
FAIN, J. and YOUNG, J., concur.